UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES OTTO ASKINS,

          Plaintiff,

vs.                                     Case No.  8:11-cv-02089-T-MCR

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **REVERSED** and the case is remanded for further proceedings.

**I.    PROCEDURAL HISTORY**

Plaintiff filed applications for a period of disability and disability insurance benefits on January 4, 2010. (Tr. 40). This application was denied initially and on reconsideration. (Tr. 61-66). Plaintiff requested and received a hearing before an administrative law judge ("ALJ") on December 13, 2010. (Tr. 11-33). The ALJ issued an unfavorable decision on March 23, 2011. (Tr. 42-55). On July 12, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's unfavorable decision. (Tr. 3-5).

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 15).

The decision of the Administrative Law Judge dated March 23, 2011 thus became the final decision of the Commissioner. Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1). This case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   NATURE OF DISABILITY CLAIM

### A.   Basis of Claimed Disability

Plaintiff was 54 years old at the time of the ALJ's decision. (Tr. 11). Plaintiff has a high school education and past relevant work experience as a prep cook. (Tr. 14, 156, 176). Plaintiff claims to be disabled since May 1, 2009, due to hearing and vision loss, nerve problems, mobility issues, arthritis, depression, neck, back and knee pain, and sinuses/breathing problems. (Tr. 137, 157).

### B.   Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c),

416.920(a)(2)(ii).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. §§ 404.1520(d), 416.920(a)(2)(iii).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(a)(2)(iv).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(f), 416.920(a)(2)(v).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 47).  At step two, the ALJ found Plaintiff suffered from the following severe impairments: cervical and lumbar spondylosis, hearing loss, depression and anxiety, and alcohol dependence.  (Tr. 47-48).  At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4.  (Tr. 48).  The ALJ further determined Plaintiff had

the residual functional capacity ("RFC")[2] to perform less than a full range of light work.[3] (Tr. 49-53). Specifically, the ALJ found that Plaintiff can:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can sit, stand and walk 6 hours in an 8-hour workday. He must be able to change positions from sitting to standing at will. [Plaintiff] is restricted to work requiring good hearing and is also restricted to simple 1-4 tasks.

(Id.).

The ALJ then determined that Plaintiff was unable to perform his past relevant work. (Tr. 53). However, based on testimony from a vocational expert ("VE"), the ALJ determined that other jobs existed in significant numbers that an individual with Plaintiff's RFC, age, education, and work experience could perform. (Tr. 54-55). Specifically, the ALJ determined that Plaintiff could perform the representative occupations of hand packager and assembler/bench worker. (Tr. 55). Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 55).

---

[2] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations. 20 C.F.R. §§ 404.1545, 416.945. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.927(b).

**III.    ANALYSIS**

    **A.    The Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## B. <u>Issues on Appeal</u>

Plaintiff raises one issue on appeal. Plaintiff asserts that the ALJ failed to properly discuss state agency consultant Thomas Renny, D.O.'s opinion regarding Plaintiff's required use of a hearing aid and need to avoid exposure to noise. (Doc. 24, pp. 6-8).[4] Plaintiff contends this failure was a violation of Social Security Ruling ("SSR") 96-6P.

SSR 96-6P provides, in relevant part:

> (1) Findings of fact made by State Agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of nonexamining sources at the Administrative Law Judge and Appeals Council levels of administrative review; (2) Administrative Law Judge and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

Thus, SSR 96-6P demands that the ALJ explain the weight accorded the state agency consultant's opinion and the failure to do so is an error of law. See 20 C.F.R. § 422.406(b)(1); see also Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993) (noting that the current regulations permit the opinions of non-examining sources to override treating sources' opinions if they are supported by the record) (cited in Satellite Broad and Communications v. Oman, 17 F.3d 344, 348 n.8 (11th Cir. 1994)).

---

[4] Plaintiff references two state agency opinions. (Doc. 25, p. 7). However, the other state agency opinion in the record does not constitute a medical opinion; rather, it is a form completed by a single decision maker. (Tr. 276-83). A form from a single decision maker is entitled to no weight. See Bolton v. Astrue, 2008 WL 2038513 (M.D.Fla. May 12, 2008).

Here, state agency consultant D.O. Renny opined that Plaintiff could perform medium work, but was limited to frequent hearing bilaterally with hearing aids. He also opined that Plaintiff would need to avoid concentrated exposure to noise. (Tr. 293-96). The ALJ stated that he gave D.O. Renny's opinion great weight; however, he failed to discuss his opinions regarding Plaintiff's need for a hearing aid and to avoid exposure to noise. (Tr. 53).

In reaching the conclusion that Plaintiff was capable of performing representative work, the ALJ asked the VE to consider an individual with Plaintiff's vocational profile and the following RFC: lift and carry 20 pounds occasionally, 10 pounds frequently; would require a sit-stand option; simple work, involving 1-4 steps; and because of Plaintiff's 52% speech discrimination, he cannot perform work that would require really good hearing. (Tr. 29-30). In response to the hypothetical question, the VE testified that Plaintiff could not perform his past relevant work, but could perform representative work as a hand packager and assembler/bench worker. (Tr. 30-31). Both jobs enumerated by the VE involve exposure to loud noise (level 4 per the Selected Characteristics of Occupations, a companion to the Dictionary of Occupational Titles). Had the ALJ considered and added to the hypothetical that Plaintiff could not do a job which allowed concentrated exposure to noise, the VE may have eliminated the jobs of hand packager and assembler/bench worker.

Thus, the Court finds that the ALJ failed to properly discuss D.O. Renny's opinion that Plaintiff required the use of a hearing aid and need to avoid concentrated exposure

to noise and then include those limitations, if the ALJ accepts them, in the hypothetical to the VE.

## IV.     CONCLUSION

For the reasons stated herein, the Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and **REMANDING** the matter to the ALJ with instructions to: (1) properly discuss Thomas Renny, D.O.'s opinion regarding Plaintiff's required use of a hearing aid and need to avoid exposure to noise, and then include those limitations, if the ALJ accepts them, in the hypothetical to the vocational expert; and (2) conduct any other proceedings deemed appropriate.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the receipt of a notice of award of benefits from the Social Security Administration. However, this Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  23rd  day of August, 2012.

Copies to:

Counsel of Record

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE